### CINCINNATI v. FRED G. GREBNER.

MUNICIPALITY LIABLE FOR DANGEROUS CONDITION IN STREET CAUSED BY ICE, WHEN.
A municipal corporation is charged with knowledge of, is guilty of negligence in failing to remove, and is liable in damages for injuries resulting from, a dangerous condition or obstruction in one of its streets caused by water escaping for a period of ten days from a municipal water main onto the street and freezing in such manner as to form ice eighteen inches thick on the side of the street where the water escaped, and sloping down to a thickness of two or three inches on the other side, thereby rendering the street dangerous for vehicular travel.

ERROR to court of common pleas of Hamilton county.

**Charles J. Hunt,** city solicitor, and **Albert H. Morrill,** assistant city solicitor, for plaintiff, cited:

Engel v. Lightning Co. 5 Circ. Dec. 572 (12 R. 489) ; Chase v. Cleveland, 44 Ohio St. 505 [9 N. E. Rep. 225 ; 58 Am. Rep. 843] ; Van Dyke

v. Cincinnati, 12 Re. 778 (1 Disn. 532); Leipsic (Vil.) v. Gerdeman, 68 Ohio St. 1; Sec. 2640 Rev. Stat.; Baltimore & O. Ry. Co. v. Whitacre, 35 Ohio St. 627; Bond Hill (Vil.) v. Atkinson, 9 Circ. Dec. 185 (16 R. 470).

Notice to a police officer is not notice to the city. Chase v. Cleveland, 44 Ohio St. 505, 515 [9 N. E. Rep. 225; 58 Am. Rep. 843]; Woodhull v. New York, 150 N. Y. 450 [44 N. E. Rep. 1038]; Wyman v. Hallock, 4 S. Dak. 469, 471 [57 N. W. Rep. 197|; Cook v. Anamosa, 66 Iowa 427 [23 N. W. Rep. 907].

Though no exception was taken to this general charge, this court still has the right to review the same, and reverse the judgment, if there were errors committed. Dollman v. Haefner, 4 Circ. Dec. 290 (12 R. 721); Marietta & C. Ry. Co. v. Strader, 29 Ohio St. 448; Baker v. Pendergast, 32 Ohio St. 494, 495.

**H. J. Witte** and **H. J. Wernke**, for defendant.

**SWING, J.**

The evidence in this case shows that Grebner's horse was injured by falling on the ice that had accumulated in Avery alley or street in said city; that ice did not exist generally in the streets and alleys of said city at this time and in fact did not exist in this street except at the point where the horse was injured. While the ice in this street was caused by the cold weather existing at the time, it was not produced by rain or snow, but was produced by water escaping from a water main of the city which ran upon the street and was frozen and became a dangerous obstruction in the street, being some eighteen inches thick at one side of the street where the water escaped and sloping down to two or three inches at the other side and being of such a nature as to be very dangerous for a horse to go upon. This condition, to a more or less extent, had existed for ten days or more, and was not caused in a night or by any sudden storm. Clearly the city had caused this obstruction by its negligence and must have known of it, and it being a nuisance it was its duty to remove the obstruction. Certainly a reasonable care of its streets would require the city to remove this obstruction. We see no contributory negligence on the part of Grebner, and on the whole case we think the judgment should be affirmed.